CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| Kiesha Jones,<br>    Plaintiff<br><br>-against-<br><br>Nelnet Educational Loan Network,<br>    Defendant<br><hr>Nelnet Educational Loan Network,<br>    Third-Party Plaintiff<br><br>-against-<br><br>U.S. Department of Education,<br>    Third-Party Defendant | Index No. CV-022485-23/KI<br><br>Third-Party Index No. ~~___~~<br><br>**SUMMONS WITH<br>THIRD-PARTY COMPLAINT**<br><br>Basis of Venue:<br>Place of events or omissions giving rise to original claim |

**To Third-Party Defendant U.S. DEPARTMENT OF EDUCATION**

400 Maryland Avenue, SW, Washington, D.C. 20202 and c/o John L. Durham, Esq., United States Attorney, Eastern District of New York, 271 Cadman Plaza East, Brooklyn NY 11201 & 225 Cadman Plaza East, Brooklyn, NY 11201

  **You are hereby summoned** to appear in the Civil Court of the City of New York, County of Kings, at the office of the Clerk of the said Court at 141 Livingston Street in the County of Kings, City and State of New York, within the time provided by law as noted below and to file your answer to the attached Third-Party Complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of $3,800 (or such amended sum as claimed by Plaintiff Keisha Jones against Nelnet Educational Loan Network), plus applicable statutory interest, as detailed in the Third-Party Complaint.

  **The basis of venue is:** Kings County is the county in which a substantial part of the events or omissions giving rise to the original claim occurred. Keisha Jones made payments on the federal student loans in dispute and filed the Summons with Endorsed Complaint while she resided in Kings County in the State of New York.

  **Time to Appear and Answer:** per Section 402 of the New York City Civil Court Act, (a) if this summons is personally delivered to you within the city of New York, you shall appear and answer within twenty (20) days after its service; or (b) if this summons is served by any means other than personal delivery to you within the city of New York, you shall appear and answer within thirty (30) days after proof of service is filed with the clerk.

Dated: February 28, 2025  
       New York, New York

THE SENIAWSKI LAW FIRM PLLC

By: *Barbara L. Seniawski*  
Barbara L. Seniawski  
157 Columbus Avenue, 4th Floor  
New York, NY 10023  
(212) 595-4536  
barbara@seniawskilaw.com

*Counsel for Defendant Nelnet Servicing, LLC*

**TO:**

**U.S. DEPARTMENT OF EDUCATION**  
400 Maryland Avenue, SW  
Washington, DC 20202  
- and -  
c/o John L. Durham, Esq.  
United States Attorney  
Eastern District of New York  
271 Cadman Plaza East  
Brooklyn, NY 11201

**KEISHA JONES**  
1646 Amsterdam Avenue, Apt 2F  
New York, NY 10031

2

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

Kiesha Jones,
               Plaintiff

-against-

Nelnet Educational Loan Network,
               Defendant

Nelnet Educational Loan Network,
               Third-Party Plaintiff

-against-

U.S. Department of Education,
               Third-Party Defendant

Index No. CV-022485-23/KI

Third-Party Index No. ~~~~~~

**THIRD PARTY COMPLAINT**

     The defendant and third-party plaintiff Nelnet Servicing, LLC (incorrectly named as Nelnet Education Loan Network) ("Nelnet") by its undersigned attorney, upon knowledge of its own conduct and information and belief as to all other matters, alleges for its third-party complaint against U.S. Department of Education:

### Nature of the Action

1.     This is an action for common law indemnification.

### Jurisdiction and Venue

2.     Nelnet transacts business in Kings County in the State of New York.

3.     Kings County is the county in which a substantial part of the events or omissions giving rise to the original claim occurred. Keisha Jones made payments on the federal student loans in dispute and filed the Summons with Endorsed Complaint while she resided in Kings County in the State of New York.

## The Parties

4. Ms. Jones has a mailing address of 1646 Amsterdam Avenue, Apt 2F, New York, NY 10031.

5. Nelnet Servicing, LLC (incorrectly named in the lawsuit as Nelnet Education Loan Network) is a Nebraska limited liability company authorized to do business in New York State. Nelnet Servicing, LLC serviced the federal student loans of Ms. Jones from January 3, 2023, to about the end of 2024.

6. The U.S. Department of Education ("ED") is a governmental agency headquartered at 400 Maryland Avenue, SW, Washington, D.C. 20202 that owns Ms. Jones' federal student loans and has been receiving and retaining payments from Ms. Jones made to repay her federal student loans from at least January 2023.

## FACT ALLEGATIONS

### A. The Proceedings to Date

7. Ms. Jones began an action in New York City Civil Court, Kings County, against defendant Nelnet Educational Loan Network, by the service of a Summons with Endorsed Complaint under Index No. CV-022485-23/KI. A copy of the Summons with Endorsed Complaint is attached at Exhibit 1.

8. In the Endorsed Complaint, as clarified by information provided by Ms. Jones in later court conferences and filings, Ms. Jones alleges that her federal student loans are paid in full but that she overpaid. She seeks a refund from "Nelnet Educational Loan Network"—the entity Ms. Jones (incorrectly) believes services her federal student loans—of the alleged overpayments. Ms. Jones alleges her total overpayments range between about $2,000 to $4,000.

2

9. Nelnet Servicing, LLC serviced Ms. Jones' federal student loans from January 3, 2023 to about November 2024. Thus, Nelnet Servicing, LLC, incorrectly named as "Nelnet Educational Loan Network," answered the Complaint. A copy of the Answer is attached at Exhibit 2.

10. Nelnet moved for summary judgment denying Ms. Jones' claims against it for breach of contract or unjust enrichment because (a) Nelnet is not a party to the master promissory notes and does not own the federal student loans, (b) Nelnet did not retain Ms. Jones' federal student loan payments, (c) Ms. Jones' unjust enrichment claim improperly duplicated her breach of contract claim, and (d) Ms. Jones' federal student loan payments were properly credited and her federal student loan balance was correctly updated and reported.

11. The Court denied Nelnet's motion. The Court held that factual issues exist preventing summary judgment, including who owns Ms. Jones' student loans.

12. The Court also ordered Nelnet "to include the United States and its entity" in this matter expecting that, once included, the U.S. government entity will remove these matters to federal court. A copy of the Decision/Order is attached at Exhibit 3.

13. To comply with the Court's order, Nelnet files this third-party complaint against ED.

### B. Ms. Jones' Federal Student Loans

14. In 2010, Ms. Jones borrowed $6,400 (the "Federal Student Loans") to pay for some or all of her studies at ASA Institute of Business & Computer Technology under two master promissory notes ("MPNs") made under federal student loan programs.

15. The first MPN, dated January 21, 2010, was made under the Federal Family Education Loan Program (the "FFEL Program").

16. Under the FFEL MPN, Ms. Jones "promise[d] to pay to the order of the lender all loan amounts disbursed (hereinafter 'loan' or 'loans') under the terms of this MPN, plus interest and other charges and fees that may become due as provided in this MPN."

3

17. Ms. Jones borrowed $3,500 under the FFEL Program.

18. The second MPN, dated June 14, 2010, was made under the William D. Ford Federal Direct Loan Program (the "Direct Stafford Loan Program").

19. Under the Direct Stafford Loan MPN, Ms. Jones "promise[d] to pay to ED all loan amounts disbursed under the terms of this MPN, plus interest and other charges and fees that may become due as provided by this MPN."

20. Ms. Jones borrowed $2,900 under the Direct Stafford Loan Program.

### C. The Servicers of the Federal Student Loans

21. ED hired Great Lakes to service the Federal Student Loans.

22. Per a contract with ED, Great Lakes serviced the Federal Student Loans until January 2, 2023.

23. For administration purposes, Great Lakes grouped the Federal Student Loans into two groups.

24. The first group, identified in Great Lakes' billing statements under "Stafford U.S. Department of Education (798581)," referred to Ms. Jones' Direct Stafford Loans in the total amount of $2,900.

25. The second group, identified in Great Lakes' billing statements under "Stafford U.S. Department of Education (741577)," referred to Ms. Jones' FFELP Loans in the total amount of $3,500.

26. ED transferred the servicing of Ms. Jones' Federal Student Loans from Great Lakes to Nelnet Servicing, LLC on January 3, 2023.

27. Per a contract with ED, Nelnet Servicing, LLC serviced the Federal Student Loans from January 3, 2023, until about the end of 2024 (when Ms. Jones paid the Federal Student Loans in full).

28. For administration purposes, Nelnet Servicing, LLC grouped the Federal Student Loans into three groups.

29. Unlike Great Lakes (which administered Ms. Jones' Direct Stafford Loans under one group reflecting the original amount of $2,900), Nelnet Servicing, LLC administered Ms. Jones' Direct Stafford Loans under two groups relating to the disbursement amounts of $2,200 and $700, the total of which equals the original amount of $2,900.

30. The first group, identified in Nelnet Servicing, LLC's billing statements as Group AA, referred to Ms. Jones' Direct Stafford Loans in the original amount of $2,200.

31. The second group, identified in Nelnet Servicing, LLC's billing statements as Group AB, referred to Ms. Jones' Direct Stafford Loans in the original amount of $700.

32. The third group, identified in Nelnet Servicing, LLC's billing statements as Group AC, referred to Ms. Jones' FFEL Loans in the original amount of $3,500.

### D. Ms. Jones Alleges She Overpaid on the Federal Student Loans

33. Ms. Jones alleges that Nelnet incorrectly credited her payments and/or calculated the outstanding balances on her Federal Student Loans to her detriment beginning in January 2023.

34. Nonetheless, Ms. Jones voluntarily repaid Group AA, Group AB, and Group AC in full during her action against Nelnet, despite that some or all of such payments were not yet due.

35. Ms. Jones alleges that, because of her past payments and her voluntary early payments, she overpaid the Federal Student Loans in the range of $2,000 to $4,$4,000.

### E. Nelnet Educational Loan Network Has No Connection to the Federal Student Loans

36. There is no business entity registered, operating, or otherwise doing business as "Nelnet Educational Loan Network."

37. Nelnet Educational Loan Network is not a party to the MPNs.

5

38. Nelnet Educational Loan Network has no contract or other relationship of any kind with Ms. Jones.

39. Nelnet Educational Loan Network does not—and never did—own the Federal Student Loans.

40. Nelnet Educational Loan Network does not—and never did—service the Federal Student Loans.

41. Nelnet Educational Loan Network has not received, processed and/or retained payments from Ms. Jones on her Federal Student Loans.

### F. Nelnet Servicing, LLC Serviced the Federal Student Loans But Does Not Own Them or Any of Ms. Jones' Payments

42. Nelnet Servicing, LLC is not a party to the MPNs.

43. Nelnet Servicing, LLC has no contract with Ms. Jones.

44. Nelnet Servicing, LLC does not—and never did—own the Federal Student Loans.

45. Nelnet has a contract with ED to service the Federal Student Loans beginning January 3, 2023.

46. Nelnet Servicing, LLC processed the payments made by Ms. Jones to benefit ED.

47. Nelnet Servicing, LLC does not own and has not retained any of Ms. Jones' payments on the Federal Student Loans.

48. Nelnet Servicing, LLC correctly credited Ms. Jones' payments to principal and interest when servicing the Federal Student Loans per its contractual obligations to ED.

49. Nelnet Servicing, LLC correctly calculated Ms. Jones' accrued interest, principal, and outstanding Federal Student Loan balances when servicing the Federal Student Loans per its contractual obligations to ED.

### G. ED Owns the Federal Student Loans and Ms. Jones' Payments

50. ED holds the MPNs.

51. ED owns the Federal Student Loans.

52. ED receives and owns the payments made by Ms. Jones on her Federal Student Loans.

### COUNT I

### CLAIM FOR COMMON LAW INDEMNIFICATION

53. Nelnet repeats and realleges the allegations in paragraphs 1 through 52 with the same force and effect as if fully set forth here.

54. ED owns the Federal Student Loans and payments made thereon.

55. Through a contract, ED delegated the servicing (e.g., billing and bookkeeping) of the Federal Student Loans to Nelnet.

56. ED has exclusive responsibility for the actions or omissions that caused the loss alleged by Ms. Jones.

57. Nelnet committed no wrongdoing that contributed to the alleged loss.

58. If Ms. Jones proves overpayment on her Federal Student Loans and that such overpayments breached her Federal Student Loans or otherwise injured her, then such injuries were caused by ED and some or all such damages incurred by Ms. Jones resulting from a successful contractual or equitable claim would be due from ED, not Nelnet.

### PRAYER FOR RELIEF

Wherefore, on the allegations made above, Nelnet demands that if Ms. Jones recovers a judgment against Nelnet, then the Court award judgment and full common law indemnification to Nelnet over and against Third Party Defendant ED.

7

Dated: February 28, 2025  
       New York, New York

THE SENIAWSKI LAW FIRM PLLC

By: *Barbara L. Seniawski*
Barbara L. Seniawski
157 Columbus Avenue, 4th Floor
New York, NY 10023
(212) 595-4536
barbara@seniawskilaw.com

*Counsel for Defendant Nelnet Servicing, LLC*

**TO:**

**U.S. DEPARTMENT OF EDUCATION**
400 Maryland Avenue, SW
Washington, DC 20202
- and -
c/o John L. Durham, Esq.
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**KEISHA JONES**
1646 Amsterdam Avenue, Apt 2F
New York, NY 10031

8

# EXHIBIT 1

400081

**Civil Court of the City of New York**
**County of Kings**

Index Number: CV-022485-23/KI

Kiesha Jones
    Plaintiff(s)
-against-
Nelnet Educational Loan Network
    Defendant(s)

**SUMMONS WITH ENDORSED COMPLAINT**
BASIS OF VENUE:
Where Cause of Action Arose

Plaintiff's Residence Address (s) :
Kiesha Jones
1358 New York Ave
#3B
Brooklyn, NY 11210

To the named defendant (s)
Nelnet Educational Loan Network (Deft), at 121 South 13 Street, Suite #201, Lincoln, NE 68508-1911

**YOU ARE HEREBY SUMMONED** to appear in the Civil Court of the City of New York, County of Kings at the office of the Clerk of the said Court at **141 Livingston Street** in the **County of Kings, City and State of New York**, within the time provided by law as noted below and to file your answer to the (endorsed summons) (annexed complaint) * with the Clerk; upon your failure to answer, judgment will be taken against you for the total sum of **$3,800.00** and interest as detailed below.
Plaintiff's work sheet may be attached for additional information if deemed necessary by the clerk.

Date: December 8, 2023

Alia Razzaq, Chief Clerk

**ENDORSED COMPLAINT**

The nature and the substance of the plaintiff's cause of action is as follows: **Failure to provide proper services for $2,000.00 with interest from 10/05/2023; Return of Deposit for $565.00 with interest from 10/05/2023; Failure to issue a refund for $565.00 with interest from 10/05/2023; Failure to pay for services rendered for $260.00 with interest from 10/05/2023; Breach of Contract or Warranty for $410.00 with interest from 10/05/2023**

***NOTE TO THE DEFENDANT***

A) *If the summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or*

B) *If the summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.*

C) *Following CPLR 321(a) corporations must be represented by an attorney.*

*** NOTE TO THE SERVER OF THE SUMMONS***

The person who serves the summons should complete the Affidavit of Service and shall file it in the Clerk's Office in the county where the action is brought.

**PLAINTIFF'S CERTIFICATION**
*( See 22NYCRR. Section 130-1.1a)*

SIGN NAME: _/s/ Kiesha Jones_
PRINT NAME: Kiesha Jones

For Information, answer forms and to track court dates, go to *WWW.NYCOURTS.GOV/NYCCIVIL*

STATE OF NEBRASKA
Lancaster County ss
I hereby appoint

To serve the within writ
Dated this ___4___ day of ___Jan___ 20 _24_
Served By: DJG

# EXHIBIT 2

CIVIL COURT OF THE CITY OF NEW YORK
County of Kings

Index Number CV-022485-23/KI

---

Kiesha Jones,

                    Plaintiff,

-against-

Nelnet Educational Loan Network,

                    Defendant.

**ANSWER**

**FILED**
MAY 03 2024
CIVIL COURT
KINGS COUNTY

---

On behalf of Defendant Nelnet Servicing, LLC (incorrectly named as Nelnet Educational Loan Network) ("Nelnet"), The Seniawski Law Firm PLLC, appears and answers the Summons with Endorsed Complaint:

**ANSWER**

1.     Nelnet denies the allegations in the Summons with Endorsed Complaint.

**DEFENSES**

**First Defense.** The plaintiff's student loans are owned by the U.S. Department of Education ("D. Ed."). Nelnet, D. Ed.'s student loan servicer, is not a proper party.

**Second Defense.** The plaintiff fails to state a claim upon which relief may be granted.

**Third Defense.** There is no contractual privity between the plaintiff and the defendant.

**Fourth Defense.** The Fair Credit Reporting Act preempts state law statutory and common law claims.

**Fifth Defense.** Nelnet is not subject to federal or state statutory law concerning debt collections because the plaintiff's student loans are not in default.

<u>Sixth Defense</u>. Nelnet's actions regarding the plaintiff's student loans comply with applicable New York and federal law.

<u>Seventh Defense</u>. Statutes of limitations bar the plaintiff's claims.

Dated: April 29, 2024
New York, New York

THE SENIAWSKI LAW FIRM PLLC

By: *Barbara L. Seniawski*
Barbara L. Seniawski
157 Columbus Avenue, 4th Floor
New York, New York 10023
Tel: 212-595-4536
Email: barbara@seniawskilaw.com

*Counsel for Defendant Nelnet Servicing, LLC*

CIVIL COURT OF THE CITY OF NEW YORK
County of Kings

Index Number CV-022485-23/KI

Kiesha Jones,

**VERIFICATION**

Plaintiff,

-against-

Nelnet Educational Loan Network,

Defendant.

State of Nebraska   )
                    ) ss:
County of Lincoln   )

    CYNDI KOERPERICH, begin duly sworn, deposes and says: I am the Senior Resolution Specialist, III for Nelnet Servicing, LLC in this proceeding. I have read the Answer and know the contents to be true from records kept by or on behalf of the defendant, which were made in the regular course of business at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter, and from information and belief as to matters I believe to be true.

_Cyndi Koerperich_
CYNDI KOERPERICH


    On the __30th__ day of ____April____ in the year 2024 before me, the undersigned, personally appeared CYNDI KOERPERICH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual executed the instruction

_Jacob M_
Notary Public

GENERAL NOTARY - State of Nebraska
JACOB MAXFIELD
My Comm. Exp. October 14, 2025

# EXHIBIT 3

| | |
|---|---|
| Civil Court of the City of New York<br>County of Kings, Part 11 | Index Number: CV-022485-23/KI |

Kiesha Jones
      Plaintiff(s)
-against-
Nelnet Educational Loan Network
      Defendant(s)

**Decision/Order**

Hon. Jill R. Epstein
Civil Court Judge (NYC)

The Motion for Summary Judgment to Dismiss made by Defendant is denied. There are issues of fact as to whether a loan still exists or has been satisfied; whether plaintiff has overpaid; and whether the US govt or one of its entities is a necessary party. Matter adjourned to 11:02, ~~11:00~~ AM, 3/7/25; for conference and for defendant to take any action to include the United States or its entity and pursue this matter in federal court.

ENTERED
DEC 20 2024
CIVIL COURT
KINGS COUNTY

Date: December 20, 2024

Hon. Jill R. Epstein
Civil Court Judge (NYC)